UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUANITA LANE,<br><br>      Plaintiff,<br><br>      v.<br><br>DARRELL LANE-SANDERS,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 25-cv-10732-LTS<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER

September 16, 2025

SOROKIN, D.J.

      Plaintiff Luanita Lane, initiated this action by filing a complaint seeking to have this Court order the transfer of her son, who is alleged to be in pretrial detention at the Bristol County Jail, to the Suffolk County Jail so that he will be closer to Lane and other family members. Doc. No. 1. With the complaint, Lane filed an Application to Proceed in District Court without Prepaying Fees or Costs ("the Application"). Doc. No. 2. The case captions on the pleadings mistakenly identify Lane's son, Darrrell Lane-Sanders, as the defendant. As to the Application, it appears Lane completed the form on behalf of her son, as it lists the Bristol County House of Correction as the institution of incarceration. Doc. No. 2, at 1.

      As an initial matter, Lane cannot represent her son in this action. An individual may appear in federal court, either "*pro se* or through legal counsel." *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982); *see also Hootstein v. Amherst-Pelham Reg'l Sch. Comm.*, 361 F. Supp. 3d 94, 101 (D. Mass. 2019); 28 U.S.C. § 1654 ("In all courts of the United States

the parties may plead and conduct their own cases personally or by counsel as, by the rules of such court, respectively, are permitted to manage and conduct causes therein."); Local Rule 83.5.5(b) of the Local Rules of the U.S. Dist. Ct. for the Dist. of Mass. ("An individual appearing *pro se* may not represent any other party and may not authorize any other individual who is not a member of the bar of this district to appear on his or her behalf."). Because Lane is not alleged to be an attorney, she cannot represent her son in this action.

In her complaint, Lane checked the box to indicate federal question as the basis for this Court's jurisdiction under 28 U.S.C. § 1331. Doc. No. 1 at ¶ II (basis for jurisdiction). She does not, refer to any specific federal law and the Court does not discern a claim arising under federal law.

Here, Lane lacks standing to raise claims concerning the incarceration of her son. Article III of the U.S. Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Such a case or controversy exists only when the plaintiff demonstrates "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends." *Gustavsen v. Alcon Laboratories, Inc.*, 903 F.3d 1, 6–7 (1st Cir. 2018) (citations and quotation omitted). To establish standing, "a plaintiff must show (i) that [s]he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Ramirez*. 594 U.S. at 423. "If the plaintiff does not claim to have suffered an injury . . . there is no case or controversy for the federal court to resolve." Id. (citation and quotation omitted). At the pleading stage, Lane "bears the burden of establishing sufficient factual matter to plausibly demonstrate her standing to bring the action,"

*Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 731 (1st Cir. 2016). "Neither conclusory assertions nor unfounded speculation can supply the necessary heft." *Id.*

Here, the claim concerns the place of incarceration for Lane's son. The controversy, if any exists, is between her son and the correctional authorities. Although Lane would prefer to have her son incarcerated in Boston, she has no legally cognizable interest in the outcome of such a controversy. In addition, Lane's son could not assert such a claim because an inmate does not have a constitutional right to a particular security classification or to confinement in a particular facility. *Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005).

Based on the foregoing, and according a liberal construction to the *pro se* pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is hereby ORDERED that this action is DISMISSED pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction. The Clerk shall enter a separate order of dismissal.

    SO ORDERED.

    /s/ Leo T. Sorokin
    Leo T. Sorokin
    United States District Judge